IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MANN LAW OFFICES, L.L.C.,      )
                               )
                Plaintiff,     )
                               )
v.                             )          Case No. 14-CV-1109-JWL-TJJ
                               )
GIBSON & SHARPS, P.S.C.,       )
                               )
                Defendant.     )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to Amend the Complaint and Add an Additional Party/Defendant (ECF No. 18).  Plaintiff seeks leave to amend its petition to add a negligent warranty claim against Defendant Gibson & Sharps, P.S.C. (Count III), and to name a new party Defendant, Accident Fund National Insurance Company.  Upon consideration of the matter, the Court grants the motion in part and denies the motion in part.

## I.      Factual Background

In this removal action, Plaintiff's original petition asserts a claim for breach of contract against Gibson & Sharps, P.S.C.  The lawsuit arises out of a contingency fee contract between the parties, both law firms, under which Plaintiff agreed to collect a workers compensation lien for Defendant's client, Accident Fund National Insurance.[1]  Plaintiff collected the lien but alleges that it has never been paid the contingency fee.

---

[1] Plaintiff Mann Law Offices, L.L.C. is represented in this action by Scott J. Mann, who also performed the legal work that forms the basis of Plaintiff's claim.

On June 9, 2014, the parties filed a Joint Motion to Amend Order Setting Scheduling Conference.[2]  They requested that the Court postpone the Scheduling Conference to allow Plaintiff an opportunity to seek to add Accident Fund Insurance Company as a party defendant. Plaintiff represented that it intended to file that motion within a week.  The Court granted the joint motion and directed Plaintiff to file its motion to join an additional party defendant no later than June 25, 2014.[3]  Plaintiff did not do so.

The Court re-set the Scheduling Conference for September 23, 2014, and once again directed Plaintiff to file any proposed motion to joint an additional party defendant before the Scheduling Conference.[4]  Plaintiff did not do so.  During the September 23 Scheduling Conference, the Court indicated that Plaintiff would have yet another opportunity to file a motion to join an additional party defendant.  Using the dates Defendant's counsel proposed in the Report of Parties' Planning Conference – which he prepared with no input from Plaintiff's counsel in spite of his efforts to confer and hold a planning conference – the Court entered a Scheduling Order which set (1) an October 15, 2014 deadline for motions to amend/add parties, and (2) a September 30, 2014 deadline for any motions to dismiss asserting lack of personal jurisdiction, improper venue, insufficient process or service of process, failure to state a claim upon which relief can be granted, or the propriety of the parties.[5]  Based on Scott Mann's statement during the Scheduling Conference that he anticipated needing counsel because he would likely

---

[2] ECF No. 7.

[3] ECF No. 8.

[4] ECF No. 9.

[5] ECF No. 13.

be a witness in the case, the Court also directed that Plaintiff's retained counsel file an entry of appearance by September 30, 2014.  No entry of appearance was forthcoming.

On September 30, 2014, Defendant filed its motion for judgment on the pleadings, seeking judgment on a substantive matter of law.[6]  On October 13, 2014, Plaintiff filed the instant motion.[7]  In its motion, Plaintiff seeks leave to amend its complaint to add a new party defendant and to add a new claim against the original Defendant, Gibson & Sharps.

## II.      Plaintiff's Proposed New Claim Against Original Defendant

Plaintiff requests leave to amend its petition to assert a negligent representation claim against Gibson & Sharps.  Plaintiff alleges that Gibson & Sharps acted outside the scope of its authority as agent for the Accident Fund.  Gibson & Sharps opposes Plaintiff's motion, arguing that Plaintiff's proposed amendment is futile because Plaintiff has failed to plead sufficient facts in its proposed amended complaint to establish or otherwise suggest that Gibson & Sharps acted outside the scope of its authority.

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. It provides that the parties may amend a pleading "once as a matter of course" before trial if they do so within (A) 21 days after serving the pleading, or (B) "if the pleading is one to which a responsive pleading is required," 21 days after service of the responsive pleading or a motion under Fed. R. Civ. P. 12(b), (e), or (f), whichever is earlier.[8]  Other amendments are allowed "only with the opposing party's written consent or the court's leave."[9]  Rule 15(a)(2) also

---

[6] ECF No. 14.

[7] ECF No. 18.

[8] Fed. R. Civ. P. 15(a)(1).

[9] Fed. R. Civ. P. 15(a)(2).

instructs that the court "should freely give leave when justice so requires."[10]  The court's decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion and will not be disturbed absent an abuse of that discretion.[11]  The court may deny leave to amend upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."[12]

If a proposed amendment would not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), or fails to state a claim upon which relief may be granted, the court may deny leave to amend.[13] "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[14] A complaint or amendment thereof need only make a statement of the claim and provide some factual support to withstand dismissal.[15] It does not matter how likely or unlikely the party is to actually receive

---

[10] *Id.*; *accord Foman v. Davis*, 371 U.S. 178, 182 (1962).

[11] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

[12] *Id.* (quoting *Foman*, 371 U.S. at 182).

[13] *Mochama v. Butler Cnty., KS*, No. 14-2121-KHV-TJJ, 2014 WL 3767685, at *1 (D. Kan. July 31, 2014) (citing *Fulton v. Advantage Sales & Mktg., LLC*, No.3:11-CV-01050-MO, 2012 WL 5182805, at *2 (D. Or. Oct. 18, 2012)).

[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 at 570 (2007)).

[15] *Twombly*, 550 U.S. at 555.

such relief, because for the purposes of dismissal all allegations are considered to be true.[16] The party opposing the amendment has the burden of showing the proposed amendment is futile.[17]

Reviewing Plaintiff's proposed First Amended Complaint under these standards, the Court finds that the proposed amendment is futile.  Although Gibson & Sharps urges the Court to declare futility as to the original breach of contract count, the undersigned Magistrate Judge leaves to the presiding district judge whether judgment should be entered on the breach of contract claim.[18]  As to the newly proposed count, however, in which Plaintiff alleges that Gibson & Sharps (1) acted outside the scope of its authority as agent for the Accident Fund, and (2) failed to exercise reasonable care or competence and was negligent in providing misleading and false representations regarding the scope of its authority to bargain for and enter into a contract with Plaintiff,[19] Plaintiff provides no factual support for its allegations.  Plaintiff does not state what the scope of authority was, how Gibson & Sharps allegedly acted outside of its authority, or how it provided misleading and false representations with respect to its authority.  Plaintiff provides nothing more than conclusory allegations that would not withstand a motion to dismiss.  Accordingly, the Court will deny Plaintiff's motion insofar as it seeks to amend its petition to add a second claim against Defendant Gibson & Sharps.

---

[16] *Id.* at 556.

[17] *Layne Christensen Co. v. Bro-Tech Corp.*, No. 09-CV-2381-JWL-GLR, 2011 WL 3847076, at *5 (D. Kan. Aug. 29, 2011).

[18] *See* Motion for Judgment on the Pleadings (ECF No. 14), in which Gibson & Sharps asserts that Plaintiff's petition fails to state a claim upon which relief can be granted against Gibson & Sharps.

[19] *See* Proposed First Amended Complaint at 6 (ECF No. 18-1).

III.        **Plaintiff's Proposed Claim Against New Defendant**

After having received many additional opportunities to add Accident Fund National Insurance Company as a party Defendant, Plaintiff has finally sought leave to do so in the instant motion.  Gibson & Sharps opposes the motion as untimely.  Although the Court understands Gibson & Sharps' frustration with the delay, Plaintiff filed its motion within the time allotted in the Scheduling Order entered in this case, and it is therefore timely.[20]  Accordingly, the Court grants Plaintiff's motion insofar as it seeks to add Accident Fund National Insurance Company as a party Defendant.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Leave to Amend the Complaint and Add an Additional Party/Defendant (ECF No. 18) is granted in part and denied in part.  Plaintiff is hereby granted leave to add Accident Fund National Insurance Company as an additional party defendant on the claim contained in Plaintiff's proposed First Amended Complaint.  Plaintiff is hereby denied leave to include Count III from its proposed First Amended Complaint.  Plaintiff shall electronically file its proposed First Amended Complaint within **seven (7) days** of the date of this Order.

IT IS SO ORDERED.

Dated this 22nd day of December, 2014, at Kansas City, Kansas.

s/ Teresa J. James
Teresa J. James
U. S. Magistrate Judge

---

[20] *See* Scheduling Order, ECF No. 13.  As mentioned, the undersigned Magistrate Judge stated during the Scheduling Conference that she was largely adopting Gibson & Sharps' proposed Scheduling Order dates, including the October 15, 2014 deadlines for motions for leave to join additional parties or otherwise amend the pleadings.  Plaintiff filed its motion on October 13, 2014.